IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JENNIFER N. CLOSE                                                              PLAINTIFF

V.                                    NO. 11-3103

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jennifer N. Close, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on April 26, 2010, alleging an inability to work since October 2, 2009,[1] due to "1. Back problems; 2. Bulging discs L4 and L5; 3. Fibromyalgia; and 4. Migraines." (Tr. 203, 208). An administrative hearing was held on April 4, 2011, at which Plaintiff appeared with counsel and she and her mother testified.

---

[1] At the hearing before the ALJ, Plaintiff's attorney amended the onset date to October 2, 2009. (Tr. 29).

-1-

(Tr. 25-59).

By written decision dated July 6, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - osteoarthritis/degenerative disc disease. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). (Tr. 12). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform her past relevant work as a pharmacy technician. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 12, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national

economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to find Plaintiff's migraine headaches constituted a severe impairment; 2) The ALJ erred in determining Plaintiff's RFC assessment; 3) The ALJ erred in failing to find Plaintiff credible; and 4) The ALJ's decision is not supported by substantial evidence. (Doc. 8).

#### A. Severe Impairment:

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § § 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

In the present case, the ALJ recognized Plaintiff's history of migraines. However, the ALJ also noted that the record indicates that she did not take prescription migraine medication except on those occasions when she presented herself to the emergency room. In addition, Plaintiff reported that she had a migraine headache about twice a month, and normally only took an over-the-counter migraine medication. (Tr. 11).

The Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's migraine headaches did not constitute a severe impairment.

**B.     RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff had the RFC to perform the full range of light work. The ALJ discussed Plaintiff's medical records as well as her daily activities in making this determination. Plaintiff lived with her three small daughters, boyfriend and disabled mother. At the hearing, Plaintiff testified that she was not on any medications other than Excedrin Migraine, that she would get up at around 7 am with her children, and that she had pain, "but I can kind of overlook it." (Tr. 47). Plaintiff reported that her 4 year old helped her prepare breakfast. The most recent medical records are from Baxter Regional Medical Center, dated

AO72A
(Rev. 8/82)

August 8, 2010 and September 19, 2010. (Tr. 371- 382). On August 8, 2010, Plaintiff was assessed with a migraine headache and lumbar pain. (Tr. 382). It was also reported that there was some diffuse tenderness over the lower lumbar spine, but there was no real point tenderness. (Tr. 382). On September 19, 2010, Plaintiff was diagnosed with a headache, and a CT scan of Plaintiff's head revealed unremarkable no-contrast CT scan of the head. (Tr. 380). At this visit, Plaintiff did not complain of back, joint, or muscle pain. (Tr. 375).

The ALJ noted the opinions given by examining physician, Dr. Shannon Brownfield, and non-examining physician, Dr. Alice M. Davidson. The ALJ acknowledged that Dr. Brownfield indicated moderate/severe limitations in prolonged positions, walking, stooping, bending, carrying, and lifting. However, the ALJ also noted that the amount and weight of Plaintiff's capacity for carrying and lifting was not assessed. Overall, he gave Dr. Brownfield's assessment "considerable weight." (Tr. 16). The ALJ also had before him the Physical RFC Assessment of Dr. Davidson, who concluded that Plaintiff could perform light work, could frequently climb ramps/stairs/ladders/ropes/scaffolds, and balance, kneel, and crawl. Dr. Davidson also found Plaintiff could occasionally stoop and crouch. (Tr. 268-269). The ALJ stated that he concurred with the findings of the state agency medical consultants that Plaintiff was capable of light exertional level work. (Tr. 16).

In addition, Plaintiff's daily activities in taking care of three small children, preparing meals, and doing the laundry are inconsistent with Plaintiff's allegations of disabling symptoms. The Court finds that based upon the above, there is substantial evidence to support the ALJ's conclusion that Plaintiff is capable of performing light work.

With respect to Plaintiff's argument that the ALJ should have provided a hypothetical

AO72A
(Rev. 8/82)

question to the VE, the ALJ found that Plaintiff was able to return to her past relevant work as a pharmacy technician and therefore, as argued by Defendant, VE testimony is not required when Plaintiff is found not disabled at step four of the sequential evaluation process. Banks v. Massanari, 258 F.3d 820, 827 (8th Cir. 2001). In this case, the VE testified that Plaintiff's past work as a pharmacy technician was light exertional work activity, and the ALJ is allowed to determine that Plaintiff is not disabled when she can still perform the actual duties of a past relevant job. Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Plaintiff has failed to establish an inability to do her past relevant work, and Plaintiff's argument is therefore without merit.

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's RFC assessment.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ concluded, after careful consideration of the evidence, that Plaintiff's statements concerning the intensity, persistence and limiting effects of her impairments were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 14). The ALJ considered Plaintiff's daily activities, the fact that she was not taking any medication other than over-the-counter medication, and the medical records. The ALJ noted that there were no records of treatment between June 2008 and August 2010, except for the delivery of her twins in December of 2009. (Tr. 15). The ALJ concluded that although Plaintiff did have some problems related to her impairments, he was not persuaded that Plaintiff was totally disabled and unable to perform work at a level consistent with his RFC assessment. He noted that Plaintiff cared for her three small children, has had intermittent treatment, and had only taken prescribed medication on an off and on basis, which he found to be inconsistent with a claim of severely disabling symptoms. See Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987)(failure to seek regular treatment or obtain pain medication inconsistent with complaints of disabling pain).

The Court finds that there is substantial evidence to support the ALJ's credibility findings.

### D.    Substantial Evidence:

For the foregoing reasons, as well as the reasons given in Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's findings.

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is

AO72A
(Rev. 8/82)

affirmed. The Court further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 26th day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)